1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   SHANNON Z. PETERSEN, Cal. Bar No. 211426
3   spetersen@sheppardmullin.com
   TRAVIS J. ANDERSON, Cal. Bar No. 265540
4   tanderson@sheppardmullin.com
   501 West Broadway, 19th Floor
5  San Diego, California  92101-3598
   Telephone:    619-338-6500
6  Facsimile:    619-234-3815

7  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   PETER S. HECKER, Cal. Bar No. 66159
8   phecker@ sheppardmullin.com
   ANNA S. McLEAN, Cal. Bar No. 142233
9   amclean@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
10 San Francisco, California  94111-4109
   Telephone:    415-434-9100
11 Facsimile:    415-434-3947

12 Attorneys for Defendant
   SANTANDER CONSUMER USA
13

14                    UNITED STATES DISTRICT COURT

15                   SOUTHERN DISTRICT OF CALIFORNIA

16

17 ROBERT HARVEY, individually and on         Case No.  **'11CV0317 W    POR**
   behalf of a class of similarly situated persons,
18                                            **CLASS ACTION**
                    Plaintiff,
19                                            **DEFENDANT SANTANDER CONSUMER
           v.                                 USA'S NOTICE OF REMOVAL OF
20                                            ACTION PURSUANT TO 28 U.S.C.
   SANTANDER CONSUMER USA, a business         §§ 1332, 1441, AND 1446**
21 entity form unknown; and DOES 1-30,
   inclusive,
22                                            Complaint Filed:  January 10, 2011
                    Defendants.
23

24
25
26
27
28

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, defendant Santander Consumer USA ("Santander") removes this action from the Superior Court of the State of California for the County of San Diego, Case No. 37-2011-00083497-CU-NP-CTL to the United States District Court for the Southern District of California.

The following is a short, plain statement of the grounds for removal.

## FEDERAL JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

1. An action may be removed to federal court if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). This Court has jurisdiction under 28 U.S.C. Section 1441(a) and the Class Action Fairness Act ("CAFA").

2. Congress enacted CAFA to expand federal jurisdiction over putative class actions. CAFA provides that a class action may be removed to federal court in accordance with 28 U.S.C. Section 1446 if: (1) membership in the putative class is not less than 100; (2) any member of the plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d), 1453(b). Here, all three requirements are met.

**The Putative Class Size Exceeds 100**

3. CAFA's first requirement—that putative class membership must be no less than 100—is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff Robert Harvey ("plaintiff") seeks to represent a putative class consisting of:

> All California residents to whom SANTANDER sent NOIs during the period beginning four years before the filing of this action to the date of class certification whose vehicles were repossessed by or voluntarily surrendered to SANTANDER or its agents, and against whom SANTANDER has asserted a deficiency claim. The class excludes all employees of SANTANDER and its affiliates and all persons whose conditional sale contract obligations have been discharged in bankruptcy.

1  Complaint ¶ 18. Plaintiff's own allegations concede that "the proposed class is sufficiently
2  numerous that joinder of all class members would be impracticable." Complaint ¶ 19. Moreover,
3  according to its records, Santander estimates there are at least 9,379 putative class members. *See*
4  Declaration of Erica Barton ("Barton Decl.") ¶ 4.

**Sufficient—Indeed, Complete—Diversity of Citizenship Exists**

6  4.  CAFA's second requirement—that any one member of the purported class
7  must be a citizen of a state different from that of any defendant—is also satisfied. *See* 28 U.S.C. §
8  1332(d)(2)(A).

9  5.  Plaintiff alleges that at all times mentioned in his Complaint, he is and was
10  a California resident. Complaint ¶ 1. Residence is evidence of citizenship. *See Mann v. City of*
11  *Tuscon*, 782 F.2d 790, 794 (9th Cir. 1986) (finding diversity jurisdiction based on the complaint's
12  allegations of residency); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709,
13  at *7 (E.D. Cal. March 18, 2008) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520
14  (10th Cir. 1994)). Accordingly, for purposes of diversity jurisdiction, plaintiff is a citizen of
15  California.

16  6.  Plaintiff also alleges that the unnamed class members are residents, and thus
17  citizens, only of California. *See* Complaint ¶ 18.

18  7.  Defendant Santander is incorporated in Illinois. Its principal place of
19  business and corporate headquarters are in Dallas, Texas. *See* Barton Decl. ¶ 2. Therefore, for
20  purposes of diversity jurisdiction, Santander is a citizen of both Illinois and Texas. *See* 28 U.S.C.
21  § 1332(c)(1). It is not a citizen of California.

22  8.  Thus, diversity of citizenship exists not only between Santander and the
23  named plaintiff, but also between Santander and all of the putative class members plaintiff
24  purports to represent. This satisfies the minimal diversity-of-citizenship requirement under
25  CAFA. It also precludes the applicability of the "home state" or "local controversy" exceptions
26  described in 28 U.S.C. Sections 1332(d)(3) and 1332(d)(4).

**The Amount In Controversy Exceeds $5 Million**

9. CAFA's third requirement—that the aggregate amount in controversy must exceed $5,000,000, exclusive of interest and costs—is also satisfied. *See* 28 U.S.C. § 1332(d)(2).

10. Here, plaintiff attempts to allege facts specifically designed to avoid federal jurisdiction. In particular, he alleges that none of the class members has a claim that equals or exceeds $75,000 and that the aggregate amount in controversy is less than $5,000,000. Complaint ¶ 17. To determine the amount in controversy, however, the Court should disregard plaintiff's artful pleading. Instead, the Court can and should consider the factual statements contained in this Notice, as well as any supporting evidence. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("we have endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any summary-judgment-type' evidence relevant to the amount in controversy at the time of removal").

11. Plaintiff requests numerous forms of relief, including restitution, injunctive relief, declaratory relief and attorneys' fees, as well as interest and costs. *See* Complaint, Prayer. As shown below, the value of plaintiff's claimed relief, excluding interest and costs and not including attorneys' fees, far exceeds $5,000,000. Of course, Santander denies that it has done anything wrong. It also denies it owes any amount to plaintiff or the putative class. The amount currently in controversy, however, plainly exceeds the jurisdictional amount necessary to support removal jurisdiction.

The Restitution Sought Exceeds $119,276.

12. Plaintiff seeks "Restitution, with interest or the disgorgement of profits thereon, to class members based on the amount of money each class member paid on SANTANDER's invalid deficiency claims during the relevant period." Complaint, Prayer ¶ d. According to current estimates, this amount, from December 16, 2009 through January 24, 2011 alone, is at least $119,276. *See* Barton Decl. ¶ 5. This amount does not include any interest or "profits" plaintiff is claiming.

13. Santander uses this more limited thirteen-month time frame rather than the four-year statute of limitations period alleged by plaintiffs in their Complaint—from January 10,

-3-

1  2007 to the present—because amounts paid before December 16, 2009 are subject to a prior
2  settlement. Including those amounts, of course, would just increase the amount in controversy.

<u>The Value Of The Injunctive Relief Requested Exceeds $65,959,785.</u>

4  14. Plaintiff seeks equitable relief by asking the Court for "an injunction prohibiting SANTANDER from attempting to collect on the invalid deficiency claims and requiring them [*sic*] to recall accounts from collection agencies and law firms and to repurchase accounts they have sold. " Complaint, Prayer ¶ f.

8  15. Under CAFA, it is appropriate to determine the amount in controversy "either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Senate Report No. 109-14 (Feb. 28, 2005), available at 2005 WL 627977, at *42 (emphasis added); *Cram v. Elec. Data Sys. Corp.*, No. 07cv1842-LAB(NLS), 2007 WL 2904250, at *2 (S.D. Cal. Oct. 3, 2007) (quoting text).

14. 16. Santander's cost of compliance with plaintiff's proposed injunction would, by itself, exceed CAFA's $5,000,000 amount-in-controversy requirement. Here, plaintiff "seeks an order enjoining SANTANDER from engaging in the acts and practices described in this complaint," including collecting deficiency balances from the putative class members who received allegedly deficient post-repossession notices pursuant to the Rees-Levering Automobile Sales Finance Act, Civil Code § 2981, *et. seq. See, e.g.,* Complaint ¶¶ 8-22, 36.

20. 17. Such injunctive relief, if granted, would prohibit Santander from attempting to collect outstanding deficiency balances from the putative class members. Those deficiency balances for the period from December 16, 2009 through January 24, 2011 are currently estimated to be at least $65,959,785. *See* Barton Decl. ¶ 5. Thus, the value of plaintiff's claim for injunctive relief exceeds $65 million. *See Arguelles-Romero v. Superior Court*, 184 Cal.App.4th 825, 844 (2010) (in a post-repossession notice case like this one, holding: "Plaintiffs seek a declaration that they are not liable for the entire deficiency balance; clearly, it is the amount of that deficiency balance that is at issue.").

-4-

18. In sum, plaintiff seeks at least $119,276 in restitution, plus at least $65,959,785 in injunctive relief, totaling at least $66,079,061. The amount in controversy, therefore, is well in excess of the $5 million minimum necessary for jurisdiction under CAFA, without considering attorneys' fees. Thus, all requirements for removal under CAFA are met.

**SANTANDER HAS MET THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

19. *The Removal Venue Is Proper*. Pursuant to 28 U.S.C. Section 1446(a), Santander files this Notice of Removal in the U.S. District Court for the Southern District of California. This venue is proper because plaintiff originally filed his action in the California Superior Court for the County of San Diego.

20. *The Removal Is Timely*. Pursuant to 28 U.S.C. Section 1446(b), Santander files this Notice of Removal within thirty days of service of the Summons and Complaint. *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). The Complaint was served on Santander's agent for service of process on January 18, 2011. *See* Barton Decl. ¶ 6. This notice of removal is being filed on February 16, 2011, which is within 30 days of service.

21. *The State Court File Is Attached*. 28 U.S.C. Section 1446(a) requires the removing party to provide a copy to the district court of all process, pleadings, and orders served on the removing party in the state court action. Santander exceeds this requirement by attaching as Exhibit A a copy of the entire state court file for this action.

22. *Notice To Plaintiff And The Superior Court*. In accordance with 28 U.S.C. Section 1446(d), Santander will serve written notice of the filing of this Notice of Removal on plaintiff and will also file, and serve on plaintiff, an appropriate notice with the California Superior Court for the County of San Diego.

**CONCLUSION**

23. Santander respectfully submits: (1) this Court has diversity jurisdiction under 28 U.S.C. Sections 1332, 1441, 1446; and (2) the procedural requirements for removal under 28 U.S.C. Section 1446 are met. Accordingly, this action is properly removable to this Court.

Dated: February 16, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      *s/ Shannon Z. Petersen*
        SHANNON Z. PETERSEN

Attorneys for Defendant
SANTANDER CONSUMER USA
Email: spetersen@sheppardmullin.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT HARVEY, individually and on behalf of a class of similarly situated persons

## DEFENDANTS
SANTANDER CONSUMER USA, a business entity form unknown

**(b)** County of Residence of First Listed Plaintiff: San Diego County, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Dallas County, Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael E. Lindsey, Esq.
4455 Morena Blvd., Suite 207
San Diego, CA 92117-4325
Tel 858-270-7000

Attorneys (If Known)
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
PETER S. HECKER, Cal. Bar No. 66159
SHANNON Z. PETERSEN, Cal. Bar No. 211426
501 West Broadway, 19th Floor, San Diego, California 92101-3598
Tel 619-338-6500; Fax 619-234-3815

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [x] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 462 Naturalization Application | | |
| | | | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, and 1446

Brief description of cause:
Alleged improper post-repossession notices in violation of California Business and Professions Code sections 17200 et seq., and Civil Code sections 2981 et seq.

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $0.00
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE DANA M. SABRAW
DOCKET NUMBER 09cv1076 DMS BLM ; 10cv0922 DMS BLM ; 10cv1373 DMS BLM

DATE: February 16, 2011
SIGNATURE OF ATTORNEY OF RECORD: s/ Shannon Z. Petersen / Email: spetersen@sheppardmullin.com

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com